

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00910-CR

Jermaine Thomas **WITTY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR13722
Honorable Mark R. Luitjen, Judge Presiding

PER CURIAM

Sitting:    Sandee Bryan Marion, Chief Justice
            Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed: January 16, 2019

DISMISSED

The trial court's certification in this appeal states: "[T]his criminal case is a plea-bargain case, and the defendant has NO right of appeal."

"In a plea bargain case . . . a defendant may appeal only: (a) those matters that were raised by written motion filed and ruled on before trial, or (b) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a

written motion filed and ruled upon before trial, nor does it indicate the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and appellant does not have a right to appeal.

We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). We issued an order stating this appeal would be dismissed unless an amended trial court certification was made part of the appellate record by December 27, 2018. *See* TEX. R. APP. P. 25.2(d); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). On December 28, 2018, appellant filed a second notice of appeal indicating that a basis for the appeal is "permission to appeal" without indicating whether permission to appeal has been granted or denied by the trial court. Appellant has not filed an amended trial court certification demonstrating the trial court has granted permission to appeal or that appellant otherwise has a right of appeal.

Accordingly, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH